UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WARD POLLOCK, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | CAUSE NO. 3:03-CV-863 RM |
| ) | |
| JAMES KALKA, JR., et al., ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

At a Rule 16(b) conference held in this cause on March 18, 2004, the deadline for the filing of fully-briefed dispositive motions was set for March 4, 2005; in December 2004, at the request of all parties, the dispositive motion deadline was extended to May 25, 2005; and based on the parties' joint request in March 2005, the dispositive motion deadline was extended a third time to June 30, 2005. June 30 came and went, and no dispositive motion was filed.

On August 19, the defendants served their motion for partial summary judgment on plaintiffs' counsel, and on October 5, more than three months after the dispositive motion deadline, they filed their fully-briefed motion with the court. The following day, the defendants filed their motion for leave to file a dispositive motion, in which they argue, first, that a defendant may move for summary judgment at any time; next, because no final pretrial conference has been held, the court's order setting the June 30 dispositive motion deadline "may be modified without a showing of manifest injustice;" and, lastly, permitting them to file their

motion will "serve the interests of justice." The plaintiffs have argued that the defendants' summary judgment motion should be denied because it is untimely and without merit.

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause," but the defendants didn't address the issue of good cause in their motion for leave to file a belated dispositive motion. They offered no explanation about why they didn't request an extension of the dispositive motion deadline prior to expiration of that deadline or why they couldn't have filed a timely motion, nor did they offer any justification for the lateness of their motion. Because the defendants have made no showing of good cause, their motion for leave to file a belated dispositive motion must be denied.[1]

Based on the foregoing, the defendants' motion for leave to file a belated dispositive motion [docket # 71] is DENIED and the motion for partial summary judgment [docket # 73] is STRICKEN from the record.

SO ORDERED.

---

[1] Being reluctant to do injustice to the defendants, the court has briefly reviewed their partial summary judgment motion and concludes that questions of fact relating to the issue of piercing the corporate veil would preclude the granting of the motion.

ENTERED:  October 24, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court